UNITED STATES of America, Plaintiff–Appellee,

v.

Kenneth EPPS, Defendant–Appellant.

No. 00–50334.

D.C. No. CR–97–00579–WMB–1.

United States Court of Appeals, Ninth Circuit.

Submitted June 7, 2001 *.

Decided June 12, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before KOZINSKI and THOMAS, Circuit Judges, and WHYTE, District Judge.[**]

MEMORANDUM [***]

At several points during the taped call, Epps and Keys referenced details about the May 28, 1996, deal such as the price, amount and texture of the cocaine sold, as well as the location where the deal took place. The call therefore had a tendency to make facts that were of consequence to the jury's determination more probable, and the district court did not abuse its discretion in concluding the call was relevant. *See* Fed.R.Evid. 401; *United States v. Easter*, 66 F.3d 1018, 1020 (9th Cir. 1995).

Nor did the district court abuse its discretion in determining that the probative value of the call was not substantially outweighed by the danger of unfair prejudice. The government did not reference the call except as it related to the crime for which Epps was charged, nor did it invite the jury to speculate that Epps was a regular dealer. *See* Fed.R.Evid. 403. Any potential prejudice was negated by the limiting instruction the court twice issued to the jury-once before it heard the evidence and again after closing arguments-that it could consider the call only as it related to the

May deal. *See United States v. Manning*, 56 F.3d 1188, 1197 (9th Cir.1995). The district court did not abuse its discretion in admitting the June 17, 1996 taped call because it was relevant and any potential prejudice did not substantially outweigh its probative value.

We reject Epps's contention that the limiting instruction exacerbated the danger of unfair prejudice. The instruction did not invite the jury to infer Epps had gone "unpunished" for the June deal, because it did not reveal whether Epps had been previously tried and acquitted, tried and found guilty, or was awaiting trial for the June deal. Nor did precluding Epps from instructing the jury that he'd been acquitted for the June deal give the jury an independent incentive to punish him; it could well have wanted to punish him had it been made aware he was acquitted.

AFFIRMED.[****]

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

[****] We vacate submission of Epps's *Apprendi* claim in an order filed concurrently with this disposition.